# Strong v. Peters et al.

(Decided Oct. 26, 1937.)

C. A. NOBLE for appellant.

CRAFT & STANFILL for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

In 1933, Hazard, a city of the fourth class, pursuant to and in conformity with section 3606b et seq., Kentucky Statutes, adopted and has since been operating under the commission form of government. By petitions filed with the county court clerk of Perry county, as provided in section 3606b-6, Kentucky Statutes, the names of Elbert Strong, Ralph Peters, Kirk Combs, F. B. Feltner, Dr. B. D. Baker and Henry C. Johnson were placed upon the official ballot as candidates for the nomination for the office of police judge to be voted for at a primary election to be held on October 16, 1937, which was the third Saturday of that month. After the primary was held on October 16, the election commissioners of Perry county met and by count and tabulation of the votes it was ascertained that Peters had received 759 votes, Combs 444, and Strong 311 votes, and that all other candidates had received a lesser number of votes than Strong.

Thereafter Strong instituted this action against Ralph Peters, the county court clerk of Perry county, and the election commissioners thereof, and in his petition set up the foregoing facts and alleged that, at the time Peters filed his petition with the county court clerk, he was a duly appointed, qualified, and acting policeman of the city of Hazard, and had been promoted to and was acting as chief of police thereof and continued to hold office and to act as such up to and including the 16th day of October, 1937, on which day the primary election was held; that on and during the day of the election Peters was using his office of policeman and acting chief of police "to interfere with the election and to force voters in said city to vote for him for the nomination of police judge of said city, and said Ralph Peters was actively engaged in interfering with said election and was in various voting precincts in said city engaged in soliciting voters to vote for him and to cause said voters to thereby vote for him for said office." He further alleged that, prior to announcing as a candidate for such nomination, Peters had taken the oath prescribed by sections 3493 and 3494, Kentucky Statutes, to the effect that he would not while a policeman interfere in an election further than to vote; that announcing as a candidate and having his name placed on the ballot and because of his activities in the election as above set out he violated the laws of the state and was therefore guilty of violating the Corrupt Practices Act (Ky. Stats. sec. 1565b-1 et seq.), and was ineligible to become a candidate for the office of police judge and was not entitled to receive his certificate of nomination as a candidate for such office or to have his name placed upon the official ballot to be voted for as one of the nominees as police judge of the city at the regular November election; that for the reasons alleged all votes received by Peters were illegal and therefore plaintiff received second highest number of legal votes for the nomination, and as one of the two receiving the highest number of votes in the primary was entitled to receive a certificate of nomination and have his name placed upon the official ballot in the general election in November. He alleged grounds for injunctive relief and prayed that Peters be adjudged ineligible to become a candidate for the office of police judge and not entitled to receive a certificate of nomination because of his violation of the Corrupt Practices Act; that it further be adjudged that plaintiff had received the second highest number of

votes for the nomination and was entitled to receive a certificate of nomination and to have his name placed on the official ballot in the November election; that the election commissioner be enjoined and restrained from issuing a certificate of nomination to Peters and be directed to issue a certificate of nomination to plaintiff; and that the county court clerk be enjoined and restrained from placing the name of Peters upon the official ballot and that he be directed to place the name of plaintiff thereon.

Plaintiff entered a motion for temporary injunction in accordance with the prayer of the petition, and thereupon defendants filed a general demurrer to the petition, which was sustained, and, upon plaintiff's failure to further plead, his motion for temporary injunction was overruled and it was adjudged that his petition be dismissed and he is appealing.

The grounds urged for reversal in substance are that by his open and defiant disregard of his oath of office and the laws of the state appellee became ineligible to run for office; that the conduct of appellee in violating his oath of office alleged in the petition constituted a violation of the Corrupt Practices Act; and that appellant, having received the second highest number of votes, excluding those for appellee, was entitled to receive the certificate of nomination and have his name placed on the official ballot as one of the nominees for the office of police judge.

It is true of course as stated by counsel for appellant that a demurrer admits the truth of the allegations of the petition. It therefore is admitted that at all times referred to in the petition appellee was on the police force of Hazard and was acting chief of police and that he had taken the oath prescribed by section 3494 of the Statutes, and that on the election day he was active in his own behalf as alleged in the petition. So much of section 3493 of the Statutes as is pertinent reads:

"No person shall be eligible as a policeman who * * * shall, after his election or while a member of the police force, interfere in an election further than to vote."

And section 3494 of the Statutes provides:

"Every policeman shall take an oath faithfully to perform the duties of his office, and that he pos-

sesses the several qualifications required in this charter, and that he will not, while he remains a policeman, interfere, in an election further than to vote."

It is contended by counsel for appellant that these statutes should be given such interpretation as will carry out their manifest purpose and intent and that they should not be construed so as to defeat such purpose and that the court in ascertaining the meaning and intent of the statute is not confined to its cold letter but may look to the spirit and object of its enactment. The sections of the statute are so plain and unambiguous as to admit of no doubt concerning their scope and meaning. The manifest purpose of the Legislature in enacting these sections was to prevent police officers from engaging in political activities; but there is nothing in them expressly or impliedly forbidding a police officer from becoming a candidate for office or making him ineligible to hold other office. Such activities would render one. ineligible to be a policeman and would constitute grounds for discharge or removal as a policeman but would not affect the eligibility of the offender to run for or to hold other office. In asserting that the alleged conduct of appellee constituted a violation of the Corrupt Practices Act, counsel is content with easy generalities and does not cite any authority or point out wherein any provisions of the Corrupt Practices Act was violated. To give to the Corrupt Practices Act the most liberal construction in favor of purity in elections, it could not be broadened to include within its scope the matters complained of by appellant.

It is our conclusion that the petition did not state a cause of action under the Corrupt Practices Act nor did it otherwise state a cause of action. There is a charge of coercion or intimidation of the voters but, as we gather from the petition and from brief of appellant, this charge is based on the probable influence such activities on the part of a police officer in uniform would have and the natural inclination of voters to refrain from doing anything to incur the ill will of or enmity of such officer; however, if the petition meant to charge actual intimidation and coercion, the names or the number of voters so coerced or intimidated are not set out and the allegation amounts to little if anything more than a conclusion in that particular. What we have said concerning the grounds discussed renders it unneces-

sary to give attention to other matters referred to in brief.

Judgment affirmed.

Whole court sitting.